IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Timothy Pearce, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>Darrell Miller, *et al.*, )<br>    Defendants. ) | Civil Action No. 1:23-cv-1251 (RDA/JFA) |

## MEMORANDUM OPINION AND ORDER

Timothy Pearce ("Pearce" or "Plaintiff"), a former Virginia inmate, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on September 12, 2023, alleging that his constitutional rights were violated while he was detained in the Virginia Department of Corrections ("VDOC"), at the Deerfield Correctional Center ("DCC"), Deerfield, Virginia. Dkt. No. 1.[1] On February 5, 2024, the Court screened his complaint pursuant to 28 U.S.C. § 1915A, found deficiencies, and granted him leave to file an amended complaint. Dkt. No. 11. On March 4, 2024, Plaintiff filed his first amended complaint ("FAC"). Dkt. No. 15. On June 20, 2024, the Court screened the FAC, noted deficiencies and granted Plaintiff leave to amend. Dkt. No. 18. On July 15, 2024, Plaintiff filed his second amended complaint ("SAC"), with 51 pages of exhibits. Dkt. Nos. 19, 19-1. The SAC named six defendants: Chadwick Dotson, Jermiah Fitz Jr., Darrell Miller, J.D. Oates, Latesha Reid, and Cheala Washington. Dkt. No. 19 at 1-3. The SAC was served, and the Defendants Dotson, Fitz, Miller, Reid, and Washington filed their motion to dismiss, with a supporting brief, on October 15, 2024. Dkt. Nos. 27, 28. Defendant Oates filed his motion to dismiss, with a supporting brief, on November 25, 2024. Dkt. Nos. 35, 36.

---

[1] Plaintiff was transferred to the Baskerville Correctional Center on or about December 14, 2023, Dkt. No. 8 at 1, and released from custody on or about June 26, 2025. Dkt. No. 42.

On December 4, 2024, in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court advised Plaintiff of his right to file a response to the motions to dismiss. Dkt. No. 39. Plaintiff responded. Dkt. Nos. 33, 40. The matter is now ripe for disposition, and for the reasons that follow, Defendants' motions to dismiss must be denied without prejudice.

The SAC contains seventeen discrete claims, many of which only concern one of the six defendants. Defendants, however, have summarized Plaintiff's claims as alleging only two claims. First, that "Defendants were either deliberately indifferent to his serious *medical* needs in violation of the Eighth Amendment or violated his due process rights under the Fifth Amendment." Dkt. No. 28 at 1 (emphasis added). Second, that Defendant Oates was deliberately indifferent to Plaintiff's serious *medical* needs and that he violated Plaintiff's right to "procedural due process . . . based on Oates' [response to] Plaintiff's disciplinary appeal" because that response violated the "VDOC Operating Procedures." Dkt. No. 36 at 4 (emphasis added). Defendants' consolidation of the seventeen claims into two is likely the result of Plaintiff's numbering of each paragraph in his SAC, including the facts in support of his claims, which resulted in the SAC appearing to be a narrative.[2] To facilitate the progress of this civil action, the claims set forth in the SAC are as follows:

---

[2] In addition to distilling the claims down to just two, the Statement of Facts portions of the motions to dismiss omit the facts Plaintiff pleaded in support of each of Plaintiff's claims and fail to address and incorporate the detailed allegations of fact set forth in the SAC and the accompanying exhibits. The inadequacy of the Defendants' statements of fact may also be attributed to the narrative form of the pleading, but any statement of facts in any future dispositive motion should be decidedly more detailed, and said pleading should incorporate the relevant portions of Plaintiff's exhibits.

Further, Defendants have misconstrued Plaintiff's Eighth Amendment claims as concerning deliberate indifference to a serious medical need. It is evident, however, that he is raising an Eighth Amendment claim based upon the conditions of his confinement. *See Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981) (explaining that "[c]onditions must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment" and that "[t]o the extent that such conditions are restrictive

2

1) Defendants Washington, Reid, Oates, and Miller violated Plaintiff's "8th Amendment rights by forcing [him] to work a job assignment that was causing [him] him harm due to a mental health condition [he has] (PTSD)." Dkt. No. 19 at 5 (SAC ¶ 1).

2) Defendant Fitz violated Plaintiff's "Due Process Rights by violating Procedure by not answering any of [Plaintiff's] issues or contentions and stating that [his] mental health condition is just an excuse not to want to work the job assignment." *Id.* (citing Level II appeal response for his offense No. 200, Refusing to Work); *see also id.* at 5-7 (SAC ¶¶ 2-5).

3) Defendant Reid violated Plaintiff's "8th Amendment rights by . . . instructing Counselor Bradshaw to force [Plaintiff] to sign a blank job application for the Flash Freeze work assignment with the threat of an institutional charge if [he] didn't." *Id.* at 8 (SAC ¶¶ 6a-6c).

4) Defendant Reid violated Plaintiff's "8th Amendment rights by . . . filing a written complaint in the second week of May '23 on the violation of procedure 841.2," which states that "[u]nder no circumstance will an offender be placed in a job assignment that jeopardizes their safety or security or the safety and security of others." *Id.* at 8-9 (SAC ¶ 6d).

5) Defendant Reid violated Plaintiff's "8th Amendment rights by not following Dr. Wrenns [sic] recommendation that [Plaintiff] would be removed from Flash Freeze if [his] mental health interfered with [his] ability to work the job assignment." *Id.* at 9 (SAC ¶ 6e) (citing Ex. 6e, Dkt. 19-1 at 5-6).

6) Defendant Reid violated Plaintiff's "8th Amendment rights by refusing to remove or reassign [Plaintiff] after 2 refusing to work charges were dismissed on the violation of Procedure 841.2. DCC-2023-0223 & DCC-2023-0225 were dismissed in June '23 on section 841.2," which states that "[u]nder no circumstance will an offender be placed in a job assignment that jeopardizes their safety or security or the safety and security of others." "Both charges were dismissed on 6/1/23." *Id.* (SAC ¶ 6f).

7) Defendant Reid violated Plaintiff's "8th Amendment rights." "On 7/10/2[3] [Plaintiff] filed a written complaint, DCC-23-INF-01488, about the violation [of] 841.2 and the mental health issues Flash Freeze was causing. Ms. Reid is not a qualified Mental Health Provider and had no authority to answer a complaint that involved a mental health issue. She continued to not remove [Plaintiff] or re-assign [Plaintiff] to a different job assignment." *Id.* at 10 (SAC ¶ 6g) (citing Ex. 6g, Dkt. No. 19-1 at 14-15).

8) Defendant Reid violated Plaintiff's "8th Amendment rights." "On 7/11/23[,] [Defendant Reid] had [an] ICA hearing (Institutional Classification Authority) to

---

and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society" noting that "the Constitution does not mandate comfortable prisons"); *see generally* Dkt. No. 11 at 9-10. While Plaintiff's alleged PTSD is an aspect of his claim of deliberate indifference, it is discussed in the context of a work environment that aggravated the PTSD.

raise [Plaintiff's] security level to a 2, even though [Plaintiff] was still within Level 1 points. [This] [r]aise[d] [his] Good Time level from a 1 to a 4[,] [c]ausing [him] to earn no Good Time at all and extending [his] release date from 12/16/24 to 12/23/25. The H6 override used to raise [his] security level states: Needs stable adjustment in a General Population. Not being able to work a job assignment that [he] was forced into because of a mental health condition [he] has from Honorably serving & defending [his] country has absolutely nothing to do with stable adjustment in a General Population . . . . Several Black inmates who work Flash Freeze received multiple refusing to work charges and absolutely nothing happened to them. No ICA Hearing to raise their security level or Good Time level. [Plaintiff] was racially targeted." *Id.* at 11 (SAC ¶¶ 6h, 6i) (citing Ex. 6h, Dkt. No. 19-1 at 17-18).

9) Defendant Reid violated Plaintiff's "8th Amendment rights by[,] [o]n 6/16/23[,] instructing SGT Roper to violate multiple sections of Procedure 841.2 [by] writing [Plaintiff] a false refusing to work charge. . . ." *Id.* at 11-12 (SAC ¶¶ 6i, 6j).

10) Defendant Washington violated Plaintiff's "8th Amendment rights." "As of 8/1/23[,] . . . Warden Miller had disapproved [Plaintiff's] Good Time being raised to a 4. On 8/15/23 [Defendant Washington] used her designee authority to bypass the Warden and used override #7 to place [Plaintiff] in Good Time Level 4. [Defendant Washington], maliciously, purposely, and racially motivated violated the entire section of Operating Procedure 830.3, Good Time Awards, to raise [Plaintiff's] GCA to a 4." *Id.* at 12-13 (SAC ¶ 7) (citing Ex. 7, Dkt. No. 19-1 at 20-23).

11) Defendants Reid and Washington violated Plaintiff's "8th Amendment rights . . . [b]ecause of the blatant violation of Procedure by [Defendant] Reid and [Defendant] Washington [in] falsely and racially motivated charging [Plaintiff] with refusing to work [and] having a[n] ICA hearing to raise [Plaintiff's] security level and Good Time level." *Id.* at 13-14 (SAC ¶ 7A).

12) Defendant Oates violated Plaintiff's "8th Amendment rights." "On two separate occasions[,] [Plaintiff] had a face to face meeting with [Defendant] Oates about letters [Plaintiff] had written Warden Miller. These meetings took place in the last week of May '23 and in June '23. [Plaintiff and Defendant Oates] discussed what [Plaintiff] had written Warden Miller [and] [t]he mental health issues [Plaintiff] was having in Flash Freeze due to [Plaintiff's] PTSD condition. . . . [Defendant] Oates refused to remove [Plaintiff] or re-assign [him] to a different job assignment." *Id.* at 15 (SAC ¶ 8) (citing Ex. 8, Dkt. No. 19-1 at 25-27).

13) Defendant Oates violated Plaintiff's "Due Process Rights." "On 6/30/23[,] [Plaintiff] submitted a Level I appeal for the offense Code 200 'Refusing to Work.'" Defendant Oates violated Operating Procedure 861.1 by answering Plaintiff's appeal; by not answering "any contention or issue" in his appeal; because Oates had a conflict of interest due to their "face to face meetings"; and because Oates had made prior "derogatory, false statements against" Plaintiff, which established Oates was biased. *Id.* at 15-16 (SAC ¶¶ 8a, 8b, 8c) (citing Ex. 8b, Dkt. No. 19-1 at 29-32).

4

14) Defendant Miller violated Plaintiff's "8th Amendment rights" because, despite Plaintiff's letters, Defendant Miller did nothing about plaintiff's "situation at Flash Freeze." Defendant Miller only responded to Plaintiff that he should have his "counselor put in for a transfer." *Id.* at 16-17 (SAC ¶ 9).

15) Defendant Fitz violated Plaintiff's "Due Process Rights . . . on Dec[.] 1, 2023 [by answering Plaintiff's] Level II Appeal . . . upholding the Level I response," and "by not answering any of [Plaintiff's] issues or contentions." Defendant Fitz "states that the violations of procedure and the mental health issues [Plaintiff] was having due to PTSD are [Plaintiff's] making every excuse possible to not want to work at Flash Freeze, and [Plaintiff] did not provide supporting documentation and evidence." *Id.* at 17-18 (SAC ¶ 10) (citing Ex. 10, Dkt. No. 19-1 at 34-36).

16) Defendant Dotson violated Plaintiff's "8th Amendment rights by" not responding to Plaintiff's letters and emails from his family members. Defendant Dotson does not address Plaintiff's concerns and only forwards the correspondence to Reid, Washington, Oates, Miller, and Fitz, the same defendants that are violating Plaintiff's due process rights. *Id.* at 19 (SAC ¶ 11).

17) Defendants Reid, Oates, and Fitz violated Plaintiff's "8th Amendment rights." "On 7/12/24, [Defendant] Reid had an ICA hearing to raise [Plaintiff's] security level to a 2 from a 1 using the H6 override" even though Plaintiff "was still within level 1 points. . . . Getting a false Refusing to Work charge for a job assignment [Plaintiff is] being forced to work and cannot perform because of a mental health condition [Plaintiff has] from Honorably serving and defending [his] Country has absolutely nothing to do with "stable adjustment in a General Population." *Id.* at 20-21 (SAC ¶¶ 12, 12a) (citing Exs. 11 and 6h, Dkt. No. 19 at 38-51).

In all future pleadings, *all* of the parties, including Plaintiff, will refer to each claim by the numeric designation herein to prevent any confusion as to what is being alleged, or to which claim any dispositive pleading is referring.

Accordingly, it is hereby

**ORDERED** that Defendants' motions to dismiss, Dkt. Nos. 27, 35, be and are hereby **DENIED WITHOUT PREJUDICE**; and it is

**FURTHER ORDERED** that Defendants must file, or explicitly decline to file, a motion to dismiss or other appropriate dispositive motion within THIRTY (30) DAYS of the entry date of this Order; and it is

/s/
Rossie D. Alston, Jr.
United States District Judge

August 27, 2025

**FURTHER ORDERED** that Plaintiff serve a copy of every document he files in this proceeding upon all parties by mailing the document to each party's counsel, pursuant to Fed. R. Civ. P. 5.

The Clerk is directed to send a copy of this Order to Plaintiff and to all counsel of record.

It is SO ORDERED.

Alexandria, Virginia
August 27, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge